UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 21-CV-82186-CANNON/REINHART

CHRISTINA COOK,

                Plaintiff,

vs.

XL SPECIALTY INSURANCE CO.,

                Defendant.
_____/

## REPORT AND RECOMMENDATION ON PLAINTIFF'S MOTION TO DETERMINE PROPER ARBITRAL TRIBUNAL (ECF No. 29)

With the instant motion, which has been referred to me by the Honorable Aileen M. Cannon (ECF No. 30), Plaintiff Christina Cook seeks permission to select an arbitrator of her choosing, rather than be limited to those on the American Arbitration Association's (AAA) roster. ECF No. 29. Defendant opposes the relief sought, citing to the language in the relevant insurance policy's arbitration clause. ECF No. 31. I have reviewed the motion papers, including Ms. Cooks' reply (ECF No. 34), as well as the policy's arbitration clause and AAA rules. For the reasons set forth below, I recommend that Ms. Cook's motion be **DENIED.**

## BACKGROUND

Ms. Cook filed the underlying Complaint alleging that a Commercial Marine Insurance Policy issued by Defendant entitled her to coverage for damages stemming from a boating accident. In accordance with the policy's arbitration clause, the Court stayed the case and ordered Ms. Cook to arbitrate her claims against Defendant. ECF

Nos. 25, 28. With the instant motion, Ms. Cook seeks resolution of the parties' dispute regarding how the arbitrators will be selected. The relevant portion of the policy's arbitration clause is as follows:

> **ARBITRATION CLAUSE**
>
> Any controversy or claim arising out of, or relating to this agreement, or the breach thereof, shall be settled by arbitration in the county of the Named Assured, in accordance with the rules of the American Arbitration Association, as modified herein. Each to appoint their own arbitrator and the arbitrators to appoint the umpire . . .
>
> You will pay your arbitrator and we will pay ours. Other costs of the arbitration, including the cost of the umpire will be shared equally by you and us.

ECF No. 1-1 at 20.

## DISCUSSION

Notwithstanding the policy's reference to the applicability of the AAA rules, the parties dispute which AAA rules apply. Defendant contends that the AAA Consumer Arbitration Rules apply (ECF No. 31 at 1-2), but Ms. Cook argues that the AAA Commercial Arbitration Rules apply to business insurance policies, such as the one at issue in this case. ECF No. 34 at 2. This is a distinction without a difference because both the Consumer and Commercial Rules of the AAA provide that unless the parties have agreed to their own arbitrator selection procedure, the AAA will appoint the arbitrator(s).[1]

---

[1] For the AAA Consumer Rules to apply, the underlying arbitration agreement must be contained with a consumer agreement. The AAA specifically excludes business insurance policies, such as the commercial policy at issue here, from the list of agreements governed by its Consumer Rules. ECF No. 34-1, Exhibit A.

Here, given that the insurance policy at issue is a commercial policy, which states that any disputes arising out of it shall be arbitrated by unspecified rules of the AAA, I find that the AAA Commercial Arbitration Rules apply. Those rules state that "When parties agree to arbitrate under these rules . . . they thereby authorize the AAA to administer the arbitration." *See* AAA Commercial Arbitration Rules, R-2. The Commercial Rules further state that "The AAA shall establish and maintain a National Roster of Arbitrators ("National Roster") and "if the parties . . . have not provided any other method of appointment . . . [t]he AAA shall send simultaneously to each party to the dispute an identical list of 10 . . . names of persons chosen from the National Roster." *Id.* at R-3, R-12. "The parties are encouraged to agree to an arbitrator from the submitted list and to advise the AAA of their agreement." *Id.* at R-12(a). In the event the parties are unable to agree, the Commercial Rules state that the AAA may appoint the arbitrators. *Id.* at R-12(c).

I reject Plaintiff's contention that the insurance policy's arbitration clause permits each party "to select its own arbitrator, whether from the AAA's roster or otherwise." ECF No. 34 at 4. Although the arbitration clause modifies the AAA rules so as to permit each side to "appoint their own arbitrator" (rather than have the AAA appoint them), this is the only modification of the AAA rules in the policy's arbitration clause. A plain reading of the arbitration clause indicates that the AAA rules

---

The AAA Commercial Rules apply when the parties' agreement provides for arbitration of a commercial dispute by the AAA "without specifying particular rules." *See* R-1(a), www.adr.org/sites/default/files/CommercialRules_Web-Final.pdf.

3

otherwise apply, and thus, the AAA will "administer the arbitration" and the parties must select their arbitrator from the AAA's roster. *See Younessi v. Recovery Racing, LLC*, 88 So. 3d 364, 365 (Fla. Dist. Ct. App. 2012) ("where language of the contract clearly indicates that AAA rules govern, they are expressly incorporated into the contract" including "AAA rules for the selection of an arbitrator") (citing *Terminix Int'l Co., LP v. Palmer Ranch Ltd. P'ship*, 432 F.3d 1327, 1333 (11th Cir. 2005)). There is nothing in the policy's arbitration clause to support Plaintiff's contention that each party is entitled to make a completely independent selection that extends to arbitrators not on the AAA's roster and, in fact, such a reading would directly contravene the parties' agreement that the AAA would administer the arbitration. Accordingly, there is no basis to grant Plaintiff's motion. "When contracting parties express their intent in unambiguous language . . . words cannot be read into [the] contract which import an intent wholly unexpressed when the contract was executed." *Bridge Cap. Invs., II v. Susquehanna Radio Corp.*, 458 F.3d 1212, 1217 (11th Cir. 2006) (citation and quotations omitted).

## RECOMMENDATION

For the reasons set forth above, I **RECOMMEND** that Plaintiff's Motion to Determine the Proper Arbitral Tribunal (ECF No. 29) be **DENIED.**

## NOTICE OF RIGHT TO OBJECT

A party shall serve and file written objections, if any, to this Report and Recommendation with the Honorable Aileen M. Cannon, United States District Court

Judge for the Southern District of Florida, within **FOURTEEN (14) DAYS** of being served with a copy of this Report and Recommendation. Failure to timely file objections shall constitute a waiver of a party's "right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." 11th Cir. R. 3-1 (2016).

**DONE AND SUBMITTED** in Chambers this 12th day of August, 2022 at West Palm Beach in the Southern District of Florida.

_____
BRUCE REINHART
UNITED STATES MAGISTRATE JUDGE